941 F.2d 1209
 138 L.R.R.M. (BNA) 2104
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CARRIAGE INN OF STEUBENVILLE, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 90-6064, 90-6108.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 ORDER ENFORCED.
 Before KRUPANSKY and BOGGS, Circuit Judges, and DUGGAN, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Carriage Inn of Steubenville (Carriage Inn) petitioned for review of an order of the National Labor Relations Board (Board) directing it to engage in collective bargaining negotiations with the United Steelworkers of America (Union). The Board cross-petitioned for enforcement of the bargaining order.
 
 
 2
 Carriage Inn is a 120-bed nursing home facility staffed by registered nurses, licensed practical nurses (LPNs), nurses' aides, and various other personnel. This controversy stems from an April, 1990 decision of a Board hearing officer ordering Carriage Inn to conduct an election to designate a bargaining representative for a unit of Carriage Inn employees consisting of "[a]ll full-time and regular part-time employees employed by the [Carriage Inn] ... including licensed practical nurses, nurses aids, housekeeping employees, [etc. ]." (Emphasis added). Arguing that the LPNs were supervisory personnel not eligible for membership in the Union, Carriage Inn objected to the inclusion of the LPNs in the bargaining unit, but the Board declined to review the hearing officer's order. The election was held on April 25, 1990, and the Union achieved certification by a vote of 64-38.
 
 
 3
 Subsequent to this election, Carriage Inn, citing its continuing objection to the composition of the bargaining unit, refused to enter into bargaining discussions with the Union. The Union filed an unfair labor practice complaint against Carriage Inn, charging that the employer had violated 29 U.S.C. § 158(a)(1) and (5) in refusing to bargain with the designated unit. Carriage Inn conceded before the Board that it had refused to bargain with the Union, but renewed its challenge to the inclusion of the LPNs in the bargaining unit.
 
 
 4
 The sole question presented in Carriage Inn's petition for review is whether the LPNs (or some subset of LPNs, such as those who work exclusively in Carriage Inn's first floor non-acute patient unit) were properly included in the bargaining unit as non-supervisory employees, or whether their occupational responsibilities are of such a character as to render them "supervisors," and, hence, ineligible for membership in a bargaining unit consisting of nurses' aides and other support staff. See 29 U.S.C. §§ 157, 152(3), 152(11) (only "employees," a class defined in § 152(3) as excluding supervisory personnel, may join labor organizations). "The question of supervisory status is 'a mixed one of fact and law.' " Beverly Enterprises v. NLRB, 661 F.2d 1095, 1099 (6th Cir.1981) (quoting NLRB v. Yeshiva University, 444 U.S. 672, 691, 100 S.Ct. 856, 867 (1980)). The inquiry, though, is "predominantly factual," id., and in this case involves consideration of the LPNs' duties in relation to the functioning of the nurses' aides.
 
 
 5
 The statute provides that an individual is employed in a supervisory capacity if, among other things, he or she has the authority "in the interest of the employer, to hire, ... lay off, ... discharge ... or discipline other employees, or responsibly to direct them...." 29 U.S.C. § 152(11). In the case at bar, the record indicated that Carriage Inn's LPNs have the authority to "write-up" nurses' aides for alleged infractions of Carriage Inn's patient care guidelines and protocols. The LPNs, however, have no authority to discharge aides, or even to recommend that they be disciplined or dismissed.
 
 
 6
 In NLRB v. Beacon Light Christian Nursing Home, 825 F.2d 1076 (6th Cir.1987), this court held under similar, but not identical, circumstances that the LPNs employed at the nursing home involved in that case were supervisory personnel within the meaning of § 152(11). Upon consideration of the record developed before the Board in this case, the arguments of the parties, and the relevant law of this circuit, this court finds that the Board's order designating the LPNs non-supervisory personnel and including them in the bargaining unit is supported by substantial evidence, see Beacon Light, 825 F.2d at 1078, and in any event was not an abuse of discretion. See Williamson Piggly Wiggly v. NLRB, 827 F.2d 1098, 1100 (6th Cir.1987) ("the NLRB, because of its special expertise, is afforded broad discretion in determining whether an employee is a 'supervisor' ").
 
 
 7
 This disposition should not be considered a departure from Beacon Light, in which this court arrived at a contrary result based on distinguishable facts. The court clearly stated in Beacon Light that LPNs would not be included in a bargaining unit if the evidence reflected that they had the responsibility to exercise their independent judgment in directing nurses' aides or other employees in the provision of patient care. Beacon Light, 825 F.2d at 1079. The record in the instant case, however, contains substantial evidence to support a conclusion that all of Carriage Inn's LPNs (including those staffing the first floor and, specifically, LPN Patricia DeFilippo, but excluding those whom the parties have stipulated to be supervisory personnel) have significantly less authority vis a vis the nurses' aides than did the LPNs at issue in Beacon Light, and therefore Carriage Inn's LPNs do not use independent judgment in directing the nurses' aides in the provision of patient care. Accordingly, the Board's order is hereby ENFORCED.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation